**XING GAO WANG, Petitioner,**

v.

**Eric H. HOLDER Jr., U.S. Attorney General,\* Respondent.**

No. 07–0321–ag.

United States Court of Appeals, Second Circuit.

Aug. 12, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former

Attorney General Alberto Gonzales as respondent in this case.

Dehai Zhang, Flushing, NY, for Petitioner.

Tony West, Assistant Attorney General, Michelle G. Latour, Assistant Director, Sunah Lee, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Petitioner Xing Gao Wang, a native and citizen of the People's Republic of China, seeks review of a January 11, 2007 order of the BIA denying his motion to reopen. *In re Xing Gao Wang,* No. A072 433 953 (B.I.A. Jan. 11, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Here, we will not disturb the BIA's denial of Wang's untimely motion. *See* 8 C.F.R. § 1003.2(c)(2).

As an initial matter, in his brief, Wang appears to challenge the agency's underlying denial of his application for asylum and withholding of removal. However, the Court's review in this case is limited to the BIA's January 2007 denial of Wang's motion to reopen, because that is the only decision from which he filed a timely petition for review. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 89–90 (2d Cir.2001).

An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 C.F.R. § 1003.2(c)(2). However, in certain circumstances, the deadline may be equitably tolled to accommodate claims of ineffective assistance of counsel. *See Cekic v. INS,* 435 F.3d 167, 171 (2d Cir.2006). To prevail on an ineffective assistance of counsel claim, the alien must, among other requirements, comply with certain procedures laid out by the BIA in *Matter of Lozada,* 19 I & N Dec. 637 (BIA 1988). *See Twum v. INS,* 411 F.3d 54, 59 (2d Cir. 2005). Here, in denying Wang's motion, the BIA found that he had not complied with the *Lozada* requirements. Wang concedes as much in his brief, stating that "[The] BIA is correct in pointing out that petitioner did not comply with the procedural requirements under *Matter of Lozada....*". That concession is fatal to Wang's petition for review. *See Jian Yun Zheng v. U.S. Dep't of Justice,* 409 F.3d 43, 47 (2d Cir.2005) ("We hold today that an alien who has failed to comply substantially with the *Lozada* requirements in her motion to reopen before the BIA forfeits her ineffective assistance of counsel claim in this Court."); *Ruiz–Martinez v. Mukasey,* 516 F.3d 102, 121 (2d Cir.2008) (recognizing that while "slavish adherence" to the *Lozada* requirements is not required, where an alien does not comply with those requirements in any respect, the ineffective assistance of counsel claim is forfeited).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).